# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| JAMES BRYANT, PH.D., | ) |
| | ) |
| Plaintiff, | ) No. 2:18-cv-00433-DCN |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| ISHPI INFORMATION TECHNOLOGIES INC., MIKE BEADLE, EARL BOWERS, ALANNA MARTIN, and CLAIRE MURCHISON, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on defendant ISHPI Information Technologies, Inc., Mike Beadle, Earl Bowers, Alanna Martin, and Claire Murchison's (collectively, "defendants") submission of a bill of costs for $1,940.60, ECF No. 46. Plaintiff James Bryant, Ph.D. ("Bryant") objects to the costs.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) creates a presumption "that costs are awarded to the prevailing party." Keeshan v. Eau Claire Coop. Health Centers, Inc., 394 F. App'x 987, 997 (4th Cir. 2010). However, "while Rule 54(d)(1) intends the award of costs to the prevailing party as a matter of course, the district court is given discretion to deny the award." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). "To overcome the presumption [of awarding costs], a district court must justify its decision [to deny costs] by articulating some good reason for doing so." Id. A district court's decision to award or deny costs is reviewed for abuse of discretion. Id.

1

Defendants prevailed in this action, having judgment entered in their favor pursuant to the court's order affirming the magistrate judge's report and recommendation and granting defendants' motion for summary judgment. Bryant argues that an award of defendants' costs should be denied because Bryant "presented valid and viable arguments at every stage of the case." ECF No. 47 at 2. Bryant also argues that any costs for transcripts are unnecessary because the case didn't go to trial, that defendants improperly request costs for the deposition of defendants despite only using portions of the transcripts in their motion for summary judgment and asking no questions at the depositions, and that defendants are not entitled to copy costs, attendance fees, or scanned exhibit fees from the depositions.

Turning to Bryant's first objection, a party's good faith in bringing a viable legal claim "standing alone[ ] is an insufficient basis for refusing to assess costs against that party." Id. Therefore, Bryant's presentation of "valid and viable arguments" does not convince the court that it should deny costs to defendants.

As for Bryant's second objection, "[a] district court should award costs when the taking of a deposition is reasonably necessary at the time of its taking." LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987). "In order for the deposition to be necessary, it needs only to be relevant and material for the preparation in the litigation." Francisco v. Verizon S., Inc., 272 F.R.D. 436, 442–43 (E.D. Va. 2011). Indeed, the deposition does not even have to be used in a motion for dispositive relief. Id. at 443. "Additionally even if it is not used at trial, a deposition taken within the proper bounds of discovery is normally deemed to be necessarily obtained for use in the case." Signature Flight Support Corp. v. Landow Aviation Ltd. P'ship, 730 F. Supp. 2d

513, 531 (E.D. Va. 2010), aff'd sub nom. 442 F. App'x 776 (4th Cir. 2011) (internal quotations omitted).

Here, defendants took the deposition of Bryant, and Bryant took the deposition of the three individual defendants. In their motion for summary judgment, defendants cited to every deposition. After review of the record and issues in this case, the court finds that these depositions were reasonably necessary because the depositions were relevant and material to this litigation. Bryant argues that the depositions were unnecessary because "[t]he matter did not go to [trial] and the transcripts as presented were not necessary as defined by the Rules." ECF No. 47 at 2. However, 28 U.S.C. § 1920 permits recovery of costs for deposition transcripts obtained "for use in the case." The statute does not distinguish between use at trial and use for dispositive motions, nor does it require use of the entire transcript in a dispositive motion. Therefore, the court finds that the depositions were reasonably necessary and awards costs to defendants for the deposition transcripts.

Bryant also argues that if the court determines that defendants are entitled to recover costs of the deposition transcripts, then defendants should only recover the cost of the original transcripts and not the copies. However, this position was squarely rejected in Principe v. McDonald's Corp., in which the court permitted the recovery of the cost of both the original and copies of the deposition transcripts. 95 F.R.D. 34, 37 (E.D. Va. 1982); see also Int'l Wood Processors v. Power Dry, Inc., 598 F. Supp. 299, 305 (D.S.C. 1984), aff'd, 792 F.2d 416 (4th Cir. 1986) ("Costs for copies of deposition transcripts . . . are allowed under § 1920(2) as part of the stenographic transcript which is necessary for the effective preparation of the trial, as opposed to being a mere luxury or

convenience."). Therefore, the court permits recovery of the cost of the deposition transcript copies.

Bryant next contends that the deposition attendance fees and scanned exhibit fees for depositions are not compensable. With regard to the court reporter's attendance fees, "[t]he prevailing party is entitled to reimbursement for all costs incident to the deposition, including the cost of the court reporter's attendance." JTH Tax, Inc. v. Aime, 2017 WL 3710835, at *2 (E.D. Va. May 1, 2017) (internal quotation omitted). Indeed, courts within the Fourth Circuit have awarded costs for court reporters' attendance fees at depositions. See Verizon S., Inc., 272 F.R.D. 436, 444 (E.D. Va. 2011) (concluding that the court reporter's attendance fee was a reasonable fee that was recoverable by the prevailing party); JTH Tax, Inc. v. Aime, 2017 WL 3710835, at *2 (E.D. Va. May 1, 2017) (awarding court reporter's attendance fee); Francisco v. Par. v. Siemens Med. Sols. USA, Inc., 2011 WL 1098966, at *3 (E.D.N.C. Mar. 15, 2011) (awarding prevailing party the court reporter's appearance fees). As such, defendants can recover the court reporter's attendance fees, which are $262.50.

However, defendants cannot recover the scanned exhibit fees from the depositions. A prevailing party may not recover the "costs for the inclusion of [deposition] exhibits, 'as these are primarily for the convenience of counsel, who often has a copy of the exhibit at hand already.'" Delapp v. Shearer's Foods, Inc., 2016 WL 1718395, at *3 (W.D. Va. Apr. 29, 2016) (quoting Scallet v. Rosenblum, 176 F.R.D. 522, 529 (W.D. Va. 1997)); see also Selective Way Ins. Co. v. Apple, 2017 WL 111439, at *2 (W.D. Va. Jan. 11, 2017) (denying recovery of cost incurred from including exhibits in deposition transcripts). Therefore, the court disallows recovery of the $15.30 scanned

exhibit fee from Bryants's first deposition and the $67.20 scanned exhibit fee from defendants' exhibits deposition.

In sum, the court finds that Bryant's arguments do not overcome the presumption of awarding costs to the prevailing party. Therefore, the court **OVERRULES** Bryant's objections with the exception of costs for scanned exhibits and **GRANTS** defendants $1,858.10 in costs.

      **AND IT IS SO ORDERED.**

                                      DAVID C. NORTON
                                      UNITED STATES DISTRICT JUDGE

**March 3, 2020**
**Charleston, South Carolina**